**MARYLAND: IN THE CIRCUIT COURT OF MONTGOMERY COUNTY**

DOUGLAS K. YI
a.k.a DOUGLAS K. LEE
and
JENNIE S. YI
a.k.a. JENNIE S. LEE
    Plaintiff
*103 Flees Flower Drive Gaithersburg MD 20878*
v.

FIRST TENNESSEE BANK NATIONAL
ASSOCIATION *PO Box 2351 Memphis TN 38101*
R/A
The Corporation Trust, Incorporated
2405 York Rd Suite 201
Lutherville Timonium MD 21093-2264
    Defendant

Case No. V 452001

Jury Trial Demanded

**RECEIVED**

AUG 0 1 2018

Clerk of the Circuit Court
Montgomery County, Md.

## COMPLAINT

COMES NOW, Plaintiffs, Douglas K Yi and Jennie S Yi, by undersigned counsel brings this action against the Defendant Bank named above to seek a declaratory relief and violation of Maryland consumer protection act and federal real estate settlement procedure act and in support thereof avers as follows:

### *NATURE OF THE CASE*

1. This action involves signatures forgery committed by Defendant Bank and a notary public, and relevant violation of Maryland Consumer Protection act.

### *THE PARTIES*

2. Plaintiff Douglas K Yi (Plaintiff Mr. Yi) is an adult individual who currently resides at 103 Flees Flower Drive Gaithersburg MD 20878.

3.  Plaintiff Jennie S Yi (Plaintiff Ms. Yi) is an adult individual who currently resides at the same address as that of Plaintiff Mr. Yi.

4.  Defendant First Tennessee Bank National Association ("Bank" or "The Bank") is a corporation organized and doing business under the laws of the state of Maryland, and which is also a Grantee to a second Deed of Trust ("Deed") for the house that is the subject of this lawsuit.

## JURISDICTION AND VENUE

5.  This court has personal and subject matter jurisdiction pursuant to section 6-102(a) and 6-103(b)(5) of the Maryland Code in that the Defendant Bank is organized in Maryland and this case relates to a real property located in Maryland.

6.  The venue is proper pursuant to section 6-102(a) of Maryland Court and Judicial Proceedings section 6-202(3) and section 6-203(b) in that the Plaintiffs are residing in this Montgomery county and the subject real property is located in this Montgomery County, Maryland.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  Plaintiffs, Douglas K. Yi and Jennie S. Yi, are related each other as Husband and Wife.

8.  Plaintiffs are owners of a house (the "subject real property" or "real property") located at 9433 Copenhaver Drive Potomac MD 20854 under the Tenancy by Entirety.

9.  Plaintiff Ms. Yi applied a Home Equity Line of Credit ("Loan") to the Defendant Bank through a loan broker Naomi Kim at her office at Annandale in VA on or about May 2005.

2

10. On or about June 30, 2005, Plaintiff Ms. Yi was notified that the loan application was approved and a credit card and a check book will be sent to Plaintiffs' home.

11. On June 30, 2005, unbeknownst to either Plaintiff, the purported Deed was closed and finalized, and the loan was made to Plaintiff Ms. Yi, notwithstanding neither Plaintiff was attending for a review and signature to close the Loan transaction.

12. Upon information and belief, the above Deed was made and executed for the Bank to secure its underlying Loan to the Plaintiff Ms. Yi in the original amount of $245,500.00.

13. Upon information and belief, Plaintiff Mr. Yi's signature was necessitated due to that his name was on the title as Tenancy by Entirety.

14. The Loan was Home Equity Line of Credit and the borrower was Plaintiff Ms. Yi, who loaned money from the Bank in the original amount $245,500.00.

15. Plaintiffs never found that their signatures on the Deed were forged before on or about February 15, 2017, when Plaintiff Mr. Yi prepared for his individual bankruptcy petition.

16. The forged Deed has two signatures, with purported notary dated June 30, 2005. The two signatures are those of Plaintiffs. A true and correct copy of the forged Deed is marked as Exhibit "A" and incorporated herein.

17. Neither Plaintiffs ever signed a Deed with the Bank securing the underlying Loan.

18. Upon information and belief, the notary appearing on the Deed is false, in so far as neither Plaintiff signed his or her name to the Deed in front of a notary.

19. Neither Plaintiffs ever consented to anybody else to put their signatures on the Deed, notwithstanding Plaintiff Ms. Yi applied the Loan and received loaned funds more or less in the amount $245,500.

20. In fact, Plaintiff Ms. Yi applied the Loan at Naomi's office in Annandale a few months before the purported signature date.

3

21. However, neither Plaintiffs was informed as to the closing of the Loan application and ensuing their signatures on the purported Deed.

22. Neither Plaintiffs ever saw the purported Deed with the forged signatures thereon before Plaintiff Mr. Yi prepare for his bankruptcy filing on or about February 15, 2017.

23. Upon information and belief the notary appearing on the Deed is false, in so far as neither Plaintiffs signed their names to the deed of trust in front of a notary.

24. David P. Campbell is the notary public who notarized Plaintiffs' signatures on the Deed without verifying the authenticity of the signatures.

25. Naomi Kim was engaged in this Loan related transactions as a loan broker whose office was located in Annandale VA.

26. Defendant Bank, David P. Campbell and Naomi Kim, knowingly, willfully, and intentionally forged and conspired to forge Plaintiffs' signatures on the Deed to the house.

27. Defendant Bank, David P. Campbell and Naomi Kim knowingly, willfully, and intentionally forged and conspired to forge Plaintiffs' signatures to deceive Plaintiffs in their promotion to the Home Equity Line of Credit.

28. Defendant Bank, David P. Campbell and Naomi Kim knowingly, willfully, and intentionally forged and conspired to forge Plaintiffs' signatures in order to effectuate secured transaction for the Bank.

29. The Deed is void because Defendant Bank David P. Campbell and Naomi Kim forged Plaintiffs' signatures, knowing it to be false signatures, for the purpose of deceiving Montgomery County to record a deed that is fraudulent, and whereby Plaintiffs transferred the security interest to Bank, without knowledge or consent of Plaintiffs, for the purpose of making it appear that all signatories to the Deed signed it voluntarily in front of a notary,

30. It is contrary to the principles of equity that the Deed should be retained for the benefit of Defendant Bank because the Bank acquired the Deed by fraud or improper means.

31. It is alleged that the Bank intentionally and willfully acquiesced or conspired to the signature forgery to loan its money to Plaintiff Ms Yi.

32. It is alleged that David P Campbell, as a notary public, intentionally and willfully acquiesced or conspired to the signature forgery to promote the Loan to Plaintiff Ms. Yi by getting Plaintiffs' signatures notarized notwithstanding he knew that he never saw the Plaintiffs putting their signatures thereon.

33. It is alleged that Naomi Kim, as a loan broker, intentionally and willfully acquiesced or conspired to the signature forgery to promote the Loan to Plaintiff Ms. Yi.

### COUNT 1 – Request for Declaratory Relief

34. Plaintiffs incorporate their allegations by references as if fully set forth herein paragraph 1-33 herein.

35. There is an actual controversy between the parties.

36. Section 3-409 of Maryland Code gives this Court the right to determine binding adjudications of right, including determinations regarding "deeds" and other instruments pertaining to real property.

37. Defendant Bank, David P. Campbell and Naomi Kim knowingly, willfully, and intentionally forged and conspired to forge Plaintiffs' signatures on the Deed to the real property in this case in order to get the underlying Loan secured for the benefit to the Bank itself.

38. Neither Plaintiffs ever consented, authorized, or fixed their signatures on the Deed that purportedly transferred the secured interest to the Bank.

39. As a result direct and proximate cause of his actions, the fraudulent and forged Deed of Trust void *ab initio* as obtained using the forged Deed of Trust.

**WHEREFORE**, Plaintiffs respectfully pray that this Honorable Court:

Enter a declaratory judgment finding that formally vacating the forged second Deed of Trust and declare the same to be null, void and of no effect, and enter judgment against the Defendant Bank formally vacating the second Deed of Trust encumbrance of the house by First Tennessee Bank National Association, declaring the same to be null, void and of no effect.

## COUNT 2 – Violation of Maryland Consumer Protection Act

40. Above paragraphs 1 to 39 is hereby incorporated by references as if fully set forth herein.

41. The transaction described above is a consumer transaction as that item is used in the Maryland Consumer Protection Act.

42. Plaintiffs are consumers as they are recipients of consumer services as that item is used in the Maryland Consumer Protection Act.

43. Defendant Bank is a merchant as it offered consumer services to Plaintiffs as that term is used in the Maryland Consumer Protection Act.

44. Defendant's forgery or acquiescence of Plaintiff's signature was a deceptive or unlawful practice prohibited by the Maryland Consumer Protection Act committed with an intent that a consumer rely on the same in connection with the promotion of consumer service.

45. Defendant's retention of the Deed, when the signatures of the consumers were forged, was a deceptive or unlawful practice prohibited by the Maryland Consumer Protection Act.

46. By obtaining Deed without obtaining consumer's consent, Defendant acted in bad faith and has violated Plaintiffs' rights under section 13-303 of the Maryland commercial Law Code.

**WHEREFORE**, Plaintiffs respectfully pray that this Honorable Court:

A. The costs of this suit, reasonable attorney's fees and such other relief and further relief as this Court deems proper and just.

Respectfully submitted,

WEON GEUN KIM LAW OFFICE

_____
WEON G. KIM
8200 Greensboro Dr. #900
McLean Virginia 22102
571)278-3728(office) 703-288-4003 (fax)
Counsel for Plaintiff

## VERIFICATION

I solemnly affirm under the penalties of perjury that the contents of foregoing paper are true to the best of my knowledge information, and belief.

_____
DOUGLAS K. LEE
a.k.a. DOUGLAS K. YI

_____
JENNIE S. LEE
a.k.a. JENNIE S. YI

## RULE 1-311 CERTIFICATION

Undersigned attorney hereby certifies that he is an attorney duly admitted to practice in the State of Maryland and is a member in good standing with the Bar.

_____
Weon G. Kim

4458370396535607    30349·    064

When recorded return to:

Loan Operations Post Closing    of First Tennessee Bank N.A.
P.O. Box 132
Memphis, TN 38101    ARLINGTON VA 22201

CONSUMER LENDING
EAST REGION
principal residence

——————— State of Maryland ——————————————— Space Above This Line For Recording Data ———

FILED
MOLLY O. ROHM
CLERK'S OFFICE
MONTGOMERY CO. MD
2005 JUL 21 P 2:46

# DEED OF TRUST
(With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is ....06/30/2005....
   and the parties, their addresses and tax identification numbers, if required, are as follows:

   **GRANTOR:**
   DOUGLAS K YI
   JENNIE S YI

   Tax ID 131500

   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and acknowledgments.

   MONTGOMERY COUNTY, MD
   APPROVED BY_____

   **TRUSTEE:**
   LARRY RICE & FIRST TENNESSEE BANK NA
   12150 MONUMENT DR STE 300
   FAIRFAX        VA 22033-0000

   JUL 18 2005

   $1693.9  RECORDATION TAX PAID
   $ N/A    TRANSFER TAX PAID

   **LENDER:**
   FIRST HORIZON BANK, a div. of First Tennessee Bank N.A.
   4736 LEE HIGHWAY
   ARLINGTON VA  22201

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described property:
   Refer to Schedule A which is attached hereto and made a part hereof

   STATE      20.00
   RECORDING FEE  20.00
   TOTAL      40.00
   Rcst #035  Rcpt # 58132
   KDR  FS   Blk # 6780
   Jul 21, 2005     02:42 PM

   The property is located in .MONTGOMERY.................................................. at .......................................
                               (County)
   .9433..COPENHAVER..DR.............................., .POTOMAC................., Maryland .20854..............
            (Address)                                     (City)                              (ZIP Code)

   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall not exceed $ .245,500.00.................................... . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(You must specifically identify the debt(s) secured and you should include the final maturity date of such debt(s).)*
      Note dated June 30, 2005 from JENNIE S YI
      Maturing June 30, 2025

   B. All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract, guaranty, or other evidence of debt executed by Grantor in favor of Lender after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor, or any one or more Grantor and others. All

MARYLAND - HOME EQUITY LINE OF CREDIT DEED OF TRUST (NOT FOR FNMA, FHLMC, FHA OR VA USE)
Expere® © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-MD 3/1/2002

Version 001

future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

    C. All other obligations Grantor owes to Lender, which may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Grantor and Lender.

    D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

In the event that Lender fails to provide any necessary notice of the right of rescission with respect to any additional indebtedness secured under paragraph B of this Section, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument (but does not waive the security interest for the debts referenced in paragraph A of this Section).

5. **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Grantor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Grantor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Grantor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Grantor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Grantor's payment. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Grantor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Grantor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Grantor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Grantor will notify Lender of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Grantor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Grantor will in no way rely on Lender's inspection.

**Authority to Perform.** If Grantor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Grantor appoints Lender as attorney in fact to sign Grantor's name or pay any amount necessary for performance. Lender's right to perform for Grantor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.

**Leaseholds; Condominiums; Planned Unit Developments.** Grantor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Grantor will perform all of Grantor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Grantor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Grantor authorizes Lender to intervene in Grantor's name in any of the above described actions or claims. Grantor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

**Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding sentence can change during the term of the loan. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. If Grantor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Grantor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Grantor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Grantor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Grantor. If the Property is acquired by Lender, Grantor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Grantor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Grantor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Grantor's obligations under this Security Instrument and Lender's lien status on the Property.

6. **WARRANTY OF TITLE.** Grantor warrants that Grantor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey, and sell the Property to Trustee, in trust, with power of sale. Grantor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8. **DEFAULT.** Grantor will be in default if any of the following occur:
   **Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan.
   **Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.
   **Property.** Any action or inaction by the Borrower or Grantor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Grantor fails to maintain required insurance on the Property; (b) Grantor transfers the Property; (c) Grantor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Grantor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Grantor dies; (f) If more than one Grantor, any Grantor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Grantor and subjects Grantor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.
   **Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.

9. **REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.
   At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter.
   If there is a default, Grantor, in accordance with the Real Property Article of the Annotated Code of Maryland and the Maryland Rules of Procedure and all amendments and supplements thereto, does hereby (a) authorize Trustee, at the request of the Lender, to advertise and sell the Property as a whole or in separate parcels at public auction to the highest bidder for cash and convey absolute title free and clear of all right, title, and interest of Grantor at such time and place as Trustee designates, following the giving of notice of sale including the time, terms and place of sale and a description of the Property to be sold as required by applicable law in effect at the time of the proposed sale; and (b) declare Grantor's assent to the passage of a decree by a court of proper jurisdiction for the sale of the Property in one or more parcels, the Grantor further assenting to the granting to any trustee appointed by such court of all the rights, powers and remedies granted to the Trustee in this Deed of Trust together with any and all rights, powers and remedies granted by the decree. Neither the power of sale or assent to decree granted in this section shall be exhausted in the event the proceeding is dismissed before the payment in full of all sums secured by this Deed of Trust.
   Upon sale of the Property, Trustee shall make and deliver a deed to the Property sold which conveys absolute title to the purchaser, and after first paying all fees, charges and costs, shall pay to Lender all moneys advanced for repairs, taxes, insurance, liens, assessments and prior encumbrances and interest thereon, and the principal and interest on the Secured Debt, paying the surplus, if any, to Grantor. Lender may purchase the Property. The recitals in any deed of conveyance shall be prima facie evidence of the facts set forth therein.
   The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

10. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Grantor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Grantor agrees to pay for any recordation costs of such release.

11. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.
   Grantor represents, warrants and agrees that:
   A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.
   B. Except as previously disclosed and acknowledged in writing to Lender, Grantor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.
   C. Grantor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Grantor shall take all necessary remedial action in accordance with any Environmental Law.
   D. Grantor shall immediately notify Lender in writing as soon as Grantor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

12. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Grantor will not be required to pay to Lender funds for taxes and insurance in escrow.

13. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Grantor signs this Security Instrument but does not sign an evidence of debt, Grantor does so only to mortgage Grantor's interest in the Property to secure payment of the Secured Debt and Grantor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between Lender and Grantor, Grantor agrees to waive any rights that may prevent Lender from bringing any action or claim against Grantor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Grantor and Lender.

4458370396535607        30349    067

14. **SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.
15. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee without any other formality than the designation in writing. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.
16. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one grantor will be deemed to be notice to all grantors.
17. **WAIVERS.** Except to the extent prohibited by law, Grantor waives any right to appraisement and marshalling of liens and assets relating to the Property.
18. **LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.
19. **APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.
20. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]
    ☐ Assignment of Leases and Rents   ☐ Other ......................................................................
21. ☐ **ADDITIONAL TERMS.**

**SIGNATURES:** By signing below, the terms and covenants contained in this Security Instrument and in any attachments are agreed to. Signer also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

......[signature]...... 06/30/05 (Seal)   ......[signature]...... 06/30/05 (Seal)
(Signature) DOUGLAS K. YI  (Date)        (Signature) JENNIE S. YI    (Date)

.................................. (Seal)   .................................. (Seal)
(Signature)                (Date)        (Signature)                (Date)

.................................. (Seal)   .................................. (Seal)
(Trustee)                  (Date)        (Trustee)                  (Date)

**ACKNOWLEDGMENT:**
STATE OF ...Virginia..., COUNTY (OR CITY) OF ...Fairfax... } ss.
I Hereby Certify, that on this ...30... day of ...June..05..., before me, the subscriber, a Notary Public of the State of Maryland in and for the City/County aforesaid, personally appeared ...Douglas K. Yi...Jennie S. Yi......................................, known to me or satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that she/he/they executed the same for the purposes therein contained.
AS WITNESS: my hand and notarial seal.
My commission expires: APR 30 2009   ......[signature]......
                                     (Notary Public)

**AFFIDAVIT OF CONSIDERATION AND DISBURSEMENT**
STATE OF ...Virginia..., COUNTY (OR CITY) OF ...Fairfax... } ss.
I Hereby Certify, that on this ...30... day of ...June..05..., before me, the subscriber, a Notary Public of the State of Maryland, in and for the City/County aforesaid, personally appeared ...David Paul Campbell..., the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party or parties secured to the borrower or to the person responsible for delivery by the borrower of this Deed of Trust; and also made oath that he is the agent of the party or parties secured and duly authorized to make this affidavit.
AS WITNESS: my hand and notarial seal.
My commission expires: 08/30/06   ......[signature]......
                                  (Notary Public)

**CERTIFICATION OF PREPARATION**
The undersigned hereby certifies that the above instrument was prepared:
☐ by or under the supervision of an attorney admitted to practice before the Court of Appeals of Maryland.
☒ by one of the parties named in the instrument.
                                ......[signature]......
                                David Campbell (Signature)  Fin. Serv. Rep.
                                First Horizon Bank

Experts  © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-MD 3/1/2002                (page 4 of 4)

Version 001

27501 255    30349 068

# WORLD SAVINGS

### E X H I B I T "A"
### LEGAL DESCRIPTION

LOAN NO. ____0024724700____

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF MONTGOMERY
STATE OF MARYLAND * * * * * *, DESCRIBED AS FOLLOWS:

Lot numbered 57 in Block lettered H in the subdivision known as "Plat Eleven, COPENHAVER", as per plat thereof recorded in Plat Book 90 at Plat numbered 9783 among the land records of Montgomery County, Maryland

TAPE ONLY THE LEGAL DESCRIPTION TO THIS PAGE.

GF430A3 (02.13.01/1-01) R30C                              MD

IN THE CIRCUIT COURT FOR _____
                                                    (City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).
*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

FORM FILED BY: ☐ PLAINTIFF ☐ DEFENDANT    CASE NUMBER _____
                                                                                      (Clerk to insert)
CASE NAME: _____ vs. _____
                            Plaintiff                                          Defendant

PARTY'S NAME: _____
PARTY'S ADDRESS: _____ PHONE: _____
                                                                                             (Daytime phone)
PARTY'S E-MAIL: _____

If represented by an attorney:

PARTY'S ATTORNEY'S NAME: _____ PHONE: _____
PARTY'S ATTORNEY'S ADDRESS: _____
PARTY'S ATTORNEY'S E-MAIL: _____

JURY DEMAND?             ☐ Yes ☐ No
RELATED CASE PENDING? ☐ Yes ☐ No   If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL: _____ hours or _____ days

### PLEADING TYPE

New Case:       ☐ Original        ☐ Administrative Appeal  ☐ Appeal
Existing Case:  ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)**

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above,* mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

**MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)**

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☐ Over $100,000

☐ Medical Bills $_____   ☐ Wage Loss $_____   ☐ Property Damages $_____

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☐ Yes  ☐ No          C. Settlement Conference  ☐ Yes  ☐ No
B. Arbitration      ☐ Yes  ☐ No          D. Neutral Evaluation      ☐ Yes  ☐ No

**SPECIAL REQUIREMENTS**

☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

**ESTIMATED LENGTH OF TRIAL**

With the exception of Baltimore County and Baltimore City, please fill in the estimated *LENGTH OF TRIAL.*
*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

**BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM**

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ Expedited- Trial within 7 months of Defendant's response          ☐ Standard - Trial within 18 months of Defendant's response

**EMERGENCY RELIEF REQUESTED**

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* <br><br> ☐ Expedited - Trial within 7 months of Defendant's response      ☐ Standard - Trial within 18 months of Defendant's response |
| *IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.* |

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

_____  _____
Date                                                         Signature of Counsel / Party

_____  _____
Address                                                    Printed Name

_____
City, State, Zip



Wen G Kim Law office
8200 Greensboro Dr # 900
McLean VA 22102

7018 0360 0001 9627 0680





1000     21093

U.S. POSTAGE
PAID
MC LEAN, VA
22102
AUG 14, 18
AMOUNT
$8.04
R2303S104529-06

The Trust Corporation Incorporated
c/o First Tennessee Bank National Association
2405 York Rd #201
Lutherville Timonium MD 21093-2214