## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DOUGLAS K YI a/k/a/,
DOUGLAS K. LEE, *et al.*,          *

    Plaintiffs,                    *

  v.                                *       Civil Action No. 8:18-cv-02877-PX

FIRST TENNESSEE BANK               *
NATIONAL ASSOCIATION,
                                *

    Defendant.
                            ***

## MEMORANDUM OPINION

Plaintiffs seek declaratory relief to void an allegedly forged Deed of Trust executed and filed with the land records in 2005. ECF No. 1-1 ¶ 39. Pending before the Court is Defendant's motions to dismiss the Complaint on standing and limitations grounds. ECF No. 10. The motions are fully briefed and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS Defendant's motion to dismiss.

**I.    Background[1]**

Douglas K Yi and Jennie S Yi (collectively, "Plaintiffs") own, as tenants by the entirety, the real property located at 9433 Copenhaver Drive, Potomac, Maryland 20854 (the "Property"). ECF No. 1-1 ¶ 8. In May 2005, Ms. Yi applied to Defendant First Tennessee Bank National Association (the "Bank") for a Home Equity Line of Credit (the "HELOC") in the amount of $245,500, with the assistance of Naomi Kim, a loan broker located in Virginia. *Id.* ¶¶ 9, 14. On June 30, 2005, the Bank notified Ms. Yi "that the loan application was approved" and that a credit card and check book would be sent to Plaintiffs' home. *Id.* ¶ 10.

---

[1] For purposes of this Opinion, the Court accepts the facts pleaded in the Complaint as true and construes them most favorably to Plaintiffs. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

Plaintiffs aver that even though they secured a HELOC, unbeknownst to them, a Deed of Trust "was closed and finalized" on that same day which placed a lien against their Property as security for the HELOC. *Id.* ¶¶ 11, 12. Plaintiffs allege that they did not discover the existence of the Deed of Trust until February 15, 2017, when Mr. Yi was preparing to file an individual bankruptcy petition. *Id.* ¶¶ 15, 22. The Deed of Trust was purportedly signed by Plaintiffs, notarized by David P. Campbell, and recorded among the land records for Montgomery County on July 21, 2005 at Book 30349, Page 0064. *Id.* ¶¶ 16, 24; ECF No. 10-7.

Although Ms. Yi applied for and received the HELOC in 2005, Plaintiffs now contend that their signatures on the Deed of Trust were forged and that the notary is false. ECF No. 1-1 ¶¶ 15–18, 23. Plaintiffs specifically allege that the Bank, David Campbell, and Naomi Kim "knowingly, willfully, and intentionally forged and conspired to forge Plaintiffs' signatures to deceive Plaintiffs in their promotion to the" HELOC.[2] *Id.* ¶ 27.

On February 27, 2017, Mr. Yi filed a Chapter 7 bankruptcy petition in the United States District Court for the District of Maryland. ECF No. 10-2 (Bankruptcy Petition).[3] In his schedule of assets, Mr. Yi included "[a]lleged forgery of signatures on 2nd mortgage Deed of Trust (30349/064) for 9433 Copenhaver Dr." for $251,771 under "[c]laims against third parties." ECF No. 10-4 at 2. Mr. Yi further listed his claims involving the forged signatures as a "claimed exemption" to the bankruptcy estate. *Id.* at 4. The Chapter 7 trustee objected to this exemption, noting specifically that "Debtor states the second trust on that residence is disputed but has not provided documentation of the dispute." ECF No. 10-5 ¶ 5.

---

[2] Notwithstanding these allegations, Plaintiffs have filed this suit solely against Defendant Bank, and brought no claims against David Campbell or Naomi Kim. *See* ECF No. 1-1 ¶ 4.

[3] The Court takes judicial notice of Mr. Yi's bankruptcy court docket and the various bankruptcy filings (*see* ECF Nos. 10-2, 3, 4, 5, 6) attached to Defendant's motion to dismiss. *See Anderson v. FDIC*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990); Fed. R. Evid. 201.

On June 1, 2017, the Bankruptcy Court discharged Mr. Yi from bankruptcy. ECF No. 10-6 at 3 (Bankruptcy Court Docket, ECF No. 33).

Plaintiffs filed suit against Defendant in the Circuit Court for Montgomery County on August 1, 2018, based on the purported forgery. *See* ECF No. 1-1. Plaintiffs seek a declaratory judgment that the Deed of Trust is forged and thus void. *Id.* ¶ 34–39. Plaintiffs further allege a violation of the Maryland Consumer Protection Act ("MCPA"), in that "Defendant's forgery or acquiescence of Plaintiff[s]' signature was a deceptive or unlawful practice prohibited" by the MCPA. *Id.* ¶ 44. Defendant removed the action to this Court on September 17, 2018 based on this Court's diversity jurisdiction. *See* ECF No. 1 at 1–2.

Defendant now moves to dismiss the Complaint for lack of standing and failure to state a claim on which relief can be granted. *See* ECF No. 10. For the reasons stated below, the Court finds that Mr. Yi lacks standing to bring this suit and that, in any event, the claims as to both Plaintiffs are barred by limitations.

**II.     Standard of Review**

The Court reviews the question of standing as one that invokes this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005); *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 661–62 (4th Cir. 1998) (affirming the district court's dismissal of the complaint for lack of standing pursuant to Rule 12(b)(1)). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court

3

accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court may also grant a 12(b)(6) motion on statute of limitations grounds, but "only if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (citation and internal quotations omitted).

In ruling on a Rule 12(b)(6) motion, the Court generally may not consider extrinsic evidence. *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) ("Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment."). However, the Court may consider documents attached to pleadings if "integral to and explicitly relied on in the complaint" and the plaintiff does not challenge the documents' authenticity. *Id.* at 606–07 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

### III. Discussion

#### A. Standing

The Bank first argues that Plaintiffs' claims properly belong to the bankruptcy estate and only the bankruptcy trustee has standing to bring this action. ECF No. 10-1 at 4. An estate is created when a bankruptcy petition is filed, and "[p]roperty of the estate includes *all* of the debtor's interests in any cause of action that has accrued prior to the bankruptcy petition." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir.

2004). "Therefore, if a cause of action accrued before the debtor filed for bankruptcy, 'the trustee alone has standing to bring that claim.'" *Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016) (quoting *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999)). Whether the cause of action accrued prior to Mr. Yi's filing for bankruptcy is governed by Maryland law. *Miller*, 287 B.R. at 50. In Maryland, "a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury." *Id.* (citations omitted).

Plaintiffs acknowledge that the forged Deed of Trust was created on June 30, 2005, giving rise to the legally operative facts animating their claims. *See* ECF No. 1-1 ¶ 11. Plaintiffs also admit that they were placed on actual notice when Mr. Yi "found that their signatures on the Deed were forged" on February 15, 2017, twelve days before Mr. Yi filed his bankruptcy petition. *Id.* ¶ 15. Accordingly, Plaintiffs' cause of action accrued prior to Mr. Yi's filing for bankruptcy. Thus, at least Mr. Yi's interest in the cause of action was already property of the bankruptcy estate at the time Plaintiffs filed this case.

A debtor may regain standing to file suit in this Court, however, where "the claim was exempt from the estate or abandoned by the trustee." *Miller*, 287 B.R. at 50–51. Both parties incorrectly suggest that it is the exemption of the Property subject to the Deed of Trust that is relevant to the standing analysis. Plaintiffs argue that "the subject real property does not belong to the bankruptcy estate because Mr. Lee exempted the property in his bankruptcy petition." ECF No. 16 at 1 (citing 11 U.S.C. § 522(b)(1)). The Bank responds that the Bankruptcy Court specifically disallowed Mr. Yi's claimed exemption of the Property. ECF No. 17 at 1.

For this Court to retain jurisdiction, the *claims* must be exempt from the bankruptcy

5

estate. *See Miller*, 287 B.R. at 51. "An asset is exempt from the bankruptcy estate if: (1) the debtor lists it as a claimed exemption; (2) no party in interest objects; and (3) a statute authorizes the exemption." *Id.* (citation omitted); *see also* 11 U.S.C. § 522(b). Although Mr. Yi listed the cause of action as a claimed exemption (*see* ECF No. 10-4 at 4 (claiming as exemption "[a]lleged forgery of signatures on 2nd mortgage Deed of Trust")), the trustee objected. The trustee specifically noted that "Debtor states the second trust on that residence is disputed but has not provided documentation of the dispute." ECF No. 10-5 ¶ 5.

Further, it is unclear whether Yi's exemption is authorized pursuant to 11 U.S.C. § 522(b). As to the "[s]pecific laws that allow exemption," Mr. Yi noted 11 U.S.C. § 522(b)(3)(B). ECF No. 10-4 at 4. That statute provides for the exemption of:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(3)(B). While this provision may allow Mr. Yi to exempt his interest in the Property itself, it does not support an exemption for the claims arising from a forged Deed of Trust which affect the validity of the Bank's secured interest in the Property, not the Property per se. Thus, Yi has not demonstrated that the cause of action is exempt from the bankruptcy estate.

Nor has Yi submitted any proof that the claims have been abandoned in the bankruptcy case. Bankruptcy estate property "can be abandoned in three ways: (1) by the trustee after notice and hearing; (2) by court order after notice and hearing; or (3) by operation of law if property listed on the debtor's schedules of property has not been administered when the bankruptcy case closes." *Nicholas*, 173 F. Supp. 3d at 255 (citing 11 U.S.C. § 554). No entry on the bankruptcy docket references any abandonment of the claims by the trustee or by order of the bankruptcy

6

court. *See* ECF No. 10-6 at 3; 11 U.S.C. § 554(a)–(b). Further, while Mr. Yi scheduled the claims, the bankruptcy case is still open. *See* ECF No. 10-6. Therefore, the claims have not been abandoned by operation of law under 11 U.S.C. § 554(c). The claims in this case are properly part of Mr. Yi's bankruptcy estate. Thus, Mr. Yi lacks standing to bring this action.

### B. Statute of Limitations

This leaves open the question of whether Ms. Yi may bring this suit. Defendants contend that the claims are untimely filed and must be dismissed as to both Plaintiffs on that ground. The Court agrees.

Although limitations is usually raised as an affirmative defense, where the bar to suit "is apparent on the face of the complaint," the complaint does not sufficiently "state a claim *upon which relief can be granted.*" *G & H Clearing & Landscaping v. Whitworth,* 66 Md. App. 348, 354 (1986). In that circumstance, dismissal is warranted on limitations grounds. *See Brooks v. City of Winston–Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) ("[D]ismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.") (citation omitted); 5B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (3d ed. 2004) ("A complaint showing that the governing statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate).

Both counts of the Complaint are governed by a three-year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Theune v. U.S. Bank, N.A.*, No. MJG-13-1015, 2014 WL 3829190, at *4 (D. Md. Aug. 1, 2014) (three-year statute of limitation applies to declaratory relief based on forgery); *Master Fin., Inc. v. Crowder*, 409 Md. 51, 65 (2009) (MCPA claims are subject to three-year statute of limitations). Thus, Plaintiffs were required to file this action

7

within three years from the date the claims accrued. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Under Maryland's discovery rule, "the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981).

Importantly, "[n]otice is critical to the discovery rule. Before an action can accrue under the discovery rule, 'a plaintiff must have notice of the nature and cause of his or her injury.'" *Windesheim v. Larocca*, 443 Md. 312, 327 (2015) (citation omitted). Notice, however, is not limited solely to "actual knowledge on the part of the plaintiff;" it may also include "inquiry notice." *Willis v. Bank of Am. Corp.*, No. ELH-13-02615, 2014 WL 3829520, at *10 (D. Md. Aug. 1, 2014) (citation omitted). A plaintiff is said to be on inquiry notice when he learns of facts or circumstances sufficient to cause a reasonable person to investigate possible wrongdoing, and such investigation would have revealed the plaintiff's status as the victim of such wrongdoing. *Id.*

Plaintiffs aver that they had no actual knowledge of the irregularities surrounding the Deed of Trust until February 15, 2017 when Mr. Yi prepared to file his bankruptcy petition. ECF No. 1-1 ¶¶ 15, 22. However, Defendant rightly points out that in 2005, Plaintiffs obtained a secured *home equity* loan and received nearly $250,000 in connection with that loan. ECF No. 17 at 3. Additionally, the Deed of Trust was recorded among the land records on July 21, 2005, and so was available for Plaintiffs' access and inspection. *See* ECF No. 10-7. A reasonable person in Plaintiffs position, therefore, would have known the bank secured its interest on the HELOC, and have reviewed the Deed of Trust memorializing the security interest. Plaintiffs own forged signatures on the Deed of Trust would have been self-evident had Plaintiffs performed such minimal review. *See Storey v. Columbia Home Loans, LLC*, No. RDB-11-

8

03214, 2012 WL 1957978, at *7 (D. Md. May 23, 2012) (finding that the recording of a deed would "cause a reasonable person to inquire about potential problems regarding a loan and its terms"); *Branch v. Bank of Am., N.A.*, No. PWG-11-3712, 2013 WL 6815903, at *3 (D. Md. Dec. 19, 2013) (interpreting *Storey* narrowly to find that "even in the context of mortgage irregularities, a party is not necessarily on notice of fraud *until* a fraudulent deed actually has been recorded") (emphasis added).

Accordingly, accepting the Complaint facts as true and most favorably to Plaintiffs, Plaintiffs reasonably could have learned about the forged Deed of Trust as of July 21, 2005. Plaintiffs did not bring this action until 2018, over thirteen years later. Plaintiffs' claims, which singularly stem from the forged Deed of Trust, are barred by the three-year statute of limitations.[4]

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. A separate Order follows.

 5/8/2019      /S/ 
Date     Paula Xinis
   United States District Judge

---

[4] The Court declines to reach Defendant's alternative arguments for dismissal.